In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| James Fuchs, Jr., <br>    *Plaintiff*, <br><br> v. <br><br> Total Safety U.S., Inc.; Amazon Web Services, Inc.; Amazon.com Services, LLC; and Turner Construction Company, <br>    *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> Civil Action No.: 4:23-cv-2031 <br><br><br><br><br><br> JURY |

**Defendants' Notice of Removal**

Defendants Amazon Web Services, Inc., Amazon.com Services, LLC, and Turner Construction Company jointly file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice and in compliance with the requirements for removal, Defendants would show the following:

**Factual Background**

1. Plaintiff James Fuchs, Jr. sued Total Safety U.S., Inc., Amazon Web Services, Inc., Amazon.com Services, LLC, and Turner Construction Company in the 281st Judicial District of Harris County on October 27, 2021, in Cause No. 2021-70846. *See* Plaintiff's Original Petition. Nashville Machine Company, Inc. was added as a named defendant in Plaintiff's First Amended Petition, which was filed on February 16, 2023. *See* Plaintiff's First Amended Petition. The claims against Defendant Nashville Machine Company were dismissed on May 30, 2023 when the trial court sustained Nashville Machine Company's

challenge to the exercise of personal jurisdiction over it in Texas. *See* Order on Defendant Nashville Machine Company, Inc.'s Special Appearance, signed May 30, 2023.

2.      As set forth in his Original and First Amended Petition, Plaintiff James Fuchs, Jr. is an individual residing in Texas. According to Plaintiff's Original and First Amended Petition, Total Safety U.S., Inc. is a foreign corporation that maintains its headquarters and does business in Texas. Defendant Total Safety U.S., Inc. is the only non-diverse forum defendant that was named in the lawsuit.

3.      In the course of litigation, Fuchs did not send targeted discovery to Defendant Total Safety and did not answer the discovery requests that were sent to him by Total Safety. *See* Exhibit 1 at p. 9. Total Safety filed a Motion for Traditional and No-Evidence Summary Judgment, and Fuchs did not file a response to this Motion. On May 4, 2023, the trial court entered an order granting Total Safety's Motion, noting that no response to the Motion had been filed.

4.      As of the date of this Removal, Turner and the Amazon Defendants are the only remaining named defendants. Amazon Web Services, Inc. is a Delaware corporation with its headquarters in the State of Washington. Amazon.com Services, LLC is a Delaware limited liability company with one member, Amazon.com Sales, Inc. Amazon.com Sales, Inc. is a Delaware corporation with its headquarters in the State of Washington. Turner Construction Company is a New York corporation with its headquarters in New York. None of the remaining defendants are Texas citizens or limited liability companies with Texas members.

5.      The Amazon and Turner Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446(b)(3) on the grounds this Court may exercise diversity jurisdiction over the remaining parties to this action as complete diversity now exists between the Plaintiff and all Defendants.

## Grounds for Removal

6.      Removal of this state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b). Federal district courts have original jurisdiction over this civil action brought in state court because there is complete diversity between Plaintiff and the remaining defendants. None of the remaining defendants are citizens of the State of Texas and therefore are not citizens of the same state as the plaintiff.

7.      Plaintiff's First Amended Petition seeks damages in an amount greater than $5,000,000. Consequently, the amount in controversy exceeds $75,000.00.

8.      This motion is filed within 30 days of receipt of the Order granting summary judgment to Total Safety U.S., Inc., which document removed Total Safety U.S., Inc. as a non-diverse forum defendant and resulted in diversity of citizenship between Plaintiff and all remaining defendants.

## Defendants invoke the bad faith exception to the requirement of removal within one year

9.      This case has been pending for more than one year. Suit was originally filed on October 27, 2021. *See* Plaintiff's Original Petition. However, Defendants invoke the bad faith exception to the one-year requirement at 28 U.S.C. 1446(c)(1).

10. Defendants would show that Fuchs acted in bad faith by improperly joining Total Safety to this suit merely to prevent removal of this matter to this Court. A plaintiff's conduct in bad faith to prevent a defendant from removing an action is an exception to the rule that a defendant in a diversity case must file for removal within one year of commencement of the action. 28 U.S.C. § 1446(c)(1). Texas federal courts have found a plaintiff acted in bad faith by joining a non-diverse defendant in a variety of situations, including where: (1) plaintiffs half-heartedly pursued claims against a non-diverse defendant, attempted to settle with the defendant but no agreement was reached, knew for months before the one-year deadline that the evidence would not support claims against the defendant, and then nonsuited the defendant two days after the one-year deadline without having received any payment from the defendant; (2) plaintiff nonsuited the non-diverse defendant essentially the night before trial in state court and had previously dismissed his initial suit when it was removed to federal court and then re-filed the same suit in state court but added a non-diverse defendant; (3) plaintiff failed to serve the non-diverse defendant until seven months after filing suit, did not move for default judgment when the defendant failed to appear or answer, and never sought discovery against the defendant. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292-93 (Fifth Cir. 2019); *Shriver v. Spiritcom, Inc.*, 167 F. Supp. 2d 962, 962-64 (S.D. Tex. 2001); *Lawson v. parker Hannifin Corp.*, No. 4:13-cv-923-), 2014 U.S. Dist. LEXIS 37085, at *4-6 (N.D. Tex. Mar. 20, 2014).

11. In his Original Petition, Plaintiff Fuchs alleged he was a BASF employee on a construction project in Tennessee who was hit with a welding arc flash, allegedly

resulting in burns to his eyes. *See* Plaintiff's Original Petition. Fuchs alleged that his injuries were caused by the failure of Total Safety's personnel to ensure that the work area was safe and to ensure that any hazards were addressed. *See* Plaintiff's Original Petition at p. 3. Fuchs even quoted statements from Total Safety's website about Total Safety's role in delivering industrial safety services. Plaintiff's Original Petition at p. 3.

12. On January 12, 2023, before the First Amended Petition was filed, Total Safety filed a Motion for Traditional and No-Evidence Summary Judgment against Fuchs. Ex. 1. In the Motion, Total Safety asserted that it was never involved in the construction project, that it was not on site on the date of the incident, and that it did not provide any services to the project at any point in time. Ex. 1 at p. 2. Total Safety argued there was no evidence that Total Safety played any role in the construction project at issue. Ex. 1 at p. 4-5. Total Safety also indicated in its Motion that Fuchs had not responded to discovery requests that Total Safety had served on him or served any discovery requests on Total Safety. Ex. 1 at p. 9.

13. In February 2023, after Total Safety filed its Motion for Summary Judgment, Fuchs filed his First Amended Petition. Fuchs removed from the amended petition any references to Total Safety's advertising. He barely mentioned Total Safety anywhere in the petition, except for the sentence: "The work conducted by the welders was done at, scheduled by, planned and/or conducted pursuant to the request and direction of Defendants Amazon, Turner, Nashville Machine and/or Total Safety." Plaintiff's First Amended Petition at p. 3. However, he maintained his position that the case was not removable because of the presence of a non-diverse forum defendant, when the only non-

diverse forum defendant was Total Safety. Plaintiff's First Amended Petition at p. 2 ("Further, due to the presence of a Texas defendant, there is no diversity jurisdiction in this matter, and removal is improper.")

14. At a deposition on April 26, 2023, before Total Safety's summary judgment motion was granted, Nashville Machine's corporate representative testified that Nashville Machine had hired Fuchs as an independent contractor through an entity named Safety Services. Ex. 2 at 8:2-24 (the entity name was later clarified at 37:7-12). Fuchs was hired to work in the safety role at the construction site, and his job was to walk the site and make sure there were no safety concerns. Ex. 2 at 8:2-16, 16:7-22, 17:15-22, 37:7-38:2. In light of this information, Fuchs would have known from the inception of the lawsuit that Total Safety was not responsible for safety at the construction site; rather, it was Fuchs himself who was responsible for safety. Consequently, Fuchs knew from the beginning of this suit that Total Safety was not a proper party and had no relationship to his alleged injuries.

15. Fuchs never responded to Total Safety's Motion for Summary Judgment. On May 4, 2023, the trial court granted Total Safety's Motion, noting that Fuchs had not filed a response to the Motion. *See* Order on Defendant, Total Safety U.S., Inc.'s Motion for Traditional and No Evidence Summary Judgment. Fuch's voluntary act of not responding to Total Safety's dispositive motion is evidence that Total Safety was improperly joined from the beginning, in a bad faith attempt to prevent removal. And it could not have been a mere accident or mistake, given that Fuchs was the safety officer

and would have been aware that Total Safety was not the company that assigned him to work at the Nashville Yards project.

16. Altogether, Fuchs knew when his lawsuit was filed that Total Safety was not responsible for safety at the construction site, and yet he sued Total Safety as the only non-diverse defendant. He did not request any discovery from Total Safety after filing suit, he did not respond to discovery served on him by Total Safety, and he did not take the deposition of a Total Safety representative. And after Total Safety filed a motion for summary judgment asserting it was not even present on the lawsuit, Fuchs amended his petition and his specific allegations against Total Safety but left Total Safety as the only non-diverse forum defendant. Then he did not respond to the no-evidence motion for summary judgment, which was required to be granted under the Texas Rules of Civil Procedure. Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). All of these actions, when considered together, establish that Fuchs acted in bad faith by improperly joining Total Safety to this suit solely for the purpose of preventing removal to federal court. Thus, the one-year deadline for removal does not apply in this case. 28 U.S.C. § 1446(c)(1).

## Removal Venue

17. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because it is the judicial district and division in which the state court action is pending.

## Timeliness of Removal

18. This notice of removal is timely filed within 30 days of the dismissal of Total Safety as the only non-diverse defendant in this action.

## Notice to State Court Regarding Removal

19. Promptly after the filing of this Notice of Removal, Defendants will give written notice thereof to all parties and will file a copy of the Notice of Removal with the Clerk of the 281st District Court of Harris County, Texas. 28 U.S.C. § 1446(d).

## Attachments to Notice of Removal

20. In compliance with 28 U.S.C. § 1446(a) and the Local Rules, Defendants have attached true and correct copies of the following documents to this Notice of Removal:

| | |
|---|---|
| Exhibit 1 | Total Safety U.S., Inc.'s Motion for Traditional and No-Evidence Summary Judgment |
| Exhibit 2 | Excerpts of the April 26, 2023 Deposition of Chris Gliori taken in the state court action, Cause No. 2021-70846 |

| Attachment | Description | Date Filed |
|---|---|---|
| Doc. 1-3 | Plaintiff's Original Petition | 10/27/2021 |
| Doc. 1-4 | Return of Service for Amazon.com Services, LLC | 11/3/2021 |
| Doc. 1-5 | Return of Service for Total Safety | 11/3/2021 |
| Doc. 1-6 | Return of Service for Amazon Webb Services LLC | 11/3/2021 |
| Doc. 1-7 | Defendant Amazon Web Services, Inc. and Amazon.com Services, LLC's Original Answer | 11/29/2021 |
| Doc. 1-8 | Turner Construction's Original Answer | 2/23/2022 |

| | | |
|---|---|---|
| Doc. 1-9 | Docket Control Order | 3/4/2022 |
| Doc. 1-10 | Return of Service for Total Safety | 3/24/2022 |
| Doc. 1-11 | Defendant Total Safety US Inc's Original Answer | 4/1/2022 |
| Doc. 1-12 | Confidentiality Agreement and Stipulated Protective Order | 6/1/2022 |
| Doc. 1-13 | Order Substituting Attorney of Record | 9/6/2022 |
| Doc. 1-14 | Agreed Order Granting Trial Continuance | 1/30/2023 |
| Doc. 1-15 | Plaintiff's First Amended Petition | 2/16/2023 |
| Doc. 1-16 | Order Granting Motion to Withdraw and Substitution of Counsel | 2/24/2023 |
| Doc. 1-17 | Special Appearance of Nashville Machine Company, Inc. | 3/17/2023 |
| Doc. 1-18 | Turner Construction Company's First Amended Answer | 3/23/2023 |
| Doc. 1-19 | Amazon Web Services, Inc. and Amazon.com Services, LLC's First Amended Answer | 3/23/2023 |
| Doc. 1-20 | Return of Service for Nashville Machine Company, Inc. | 3/29/2023 |
| Doc. 1-21 | Order Granting Defendants' Second Agreed Motion for Continuance of Jury Trial Setting | 4/4/2023 |
| Doc. 1-22 | Order Granting Total Safety's Motion for Traditional and No Evidence Summary Judgment | 5/4/2023 |
| Doc. 1-23 | Order Sustaining Nashville Machine Company's Special Appearance | 5/30/2023 |

Doc. 1-24    Docket entries for State Court Action, No. 2021-70846

Doc. 1-25    List of All Counsel of Record

Defendants Amazon Web Services, Inc., Amazon.com Services, LLC, and Turner Construction Company hereby file this Notice to remove this case to the United States District Court for the Southern District of Texas, Houston Division based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, and for such other relief to which these Defendants may show themselves to be justly entitled.

Respectfully submitted,

By:  */s/ James Bertsch*
James D. Bertsch
*Attorney-in-Charge*
Texas State Bar No 02258300
S.D. Tex. # 2952263
james.bertsch@tbjbs.com

Amie P. Fordan
Texas State Bar No. 24036580
S.D. Tex. # 37538 37538
amie.fordan@tbjbs.com
1717 Main Street, Suite 3400
Dallas, Texas 75201
214-672-8232 – Phone
214-259-8732 – Fax

*Of Counsel*
**Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck L.L.P.**

**Attorneys for Defendants Amazon Web Services, Inc., Amazon.com Services, LLC, and Turner Construction Company**

## Certificate of Service

    This is to certify that this Notice of Removal has been served on all counsel of record for all other parties via the Court's electronic filing system and pursuant to the Federal Rules of Civil Procedure on this 2nd day of June 2023.

/s/ <em>James Bertsch</em><br>
James Bertsch