United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES FUCHS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2031 |
| | § | |
| AMAZON WEB SERVICES, INC., *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This personal injury case began in Texas state court, was removed over 18 months later, and is now before this court on a motion to remand and a motion to transfer venue. Based on the pleadings, the motions and responses, the record, and the applicable law, the court denies the motion to remand and denies the motion to transfer. The reasons are set out below.

**I.      Background**

In February 2021, the plaintiff, James Fuchs, Jr., was working for Nashville Machine Company on a large construction site near Nashville, Tennessee when a worker handling welding equipment hit him in the face with an arc flash, blinding him. (Docket Entry No. 1-3). In October 2021, Fuchs sued Amazon Web Services, Inc. and Amazon.com Services LLC, which were constructing a building as part of a large Amazon project on the site. Fuchs also sued Turner Construction Company, which Amazon had hired to be the general contractor and to provide construction management services, and Total Safety, U.S., Inc., a subcontractor that had its headquarters in Texas and was the only nondiverse defendant.

In January 2023, Total Safety moved for summary judgment in the Texas state court on the ground that it had no involvement in the construction project. On May 4, 2023, the state court granted the motion, which Fuchs had not responded to. On June 2, within 30 days after Total Safety was dismissed on summary judgment, Amazon and Turner Construction removed under 28 U.S.C. § 1446(c)(1), alleging in the Notice of Removal that Fuchs had improperly joined Total Safety at the outset in order to defeat federal jurisdiction. (Docket Entry No. 1).

On July 5, 2023, slightly over 30 days after Amazon and Turner Construction removed, Fuchs moved to remand. Fuchs argued that the removal was untimely under because: (1) it was filed more than 30 days after the defendants had notice of the facts on which they based their argument that Turner Construction was improperly joined; and (2) it was filed more than one year after the suit was filed. Amazon and Turner Construction responded, arguing that Fuchs filed his remand motion two days after the 30-day deadline to do so, making it untimely under 28 U.S.C. § 1447(c), and that they timely filed their removal once the state court had dismissed Total Safety, the only nondiverse defendant.

I.      The Motion to Remand

Fuchs filed his remand motion more than 30 days after Amazon and Turner Construction removed. (Docket Entry Nos. 1, 4). The basis of the remand motion is the fact that Amazon and Turner did not remove before the § 1446(c) one-year bar and the claim that they did not show that Fuchs acted in bad faith. (Docket Entry No. 4). The issue is whether Fuchs can avoid the 30-day deadline for challenging removal by moving to remand.

Amazon and Turner Construction argue that because Fuchs's remand challenges their removal as untimely in two ways, the remand motion is based on procedural grounds and therefore had to be filed within 30 days after the removal to comply with § 1447(c). That section provides:

2

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

Fuchs does not dispute that this court has federal diversity subject matter jurisdiction. His challenges to the removal are procedural and do not challenge subject matter jurisdiction. The statute requires that motions to remand based on procedural defects in the removal must be filed within 30 days after the removal. Fuchs filed two days late. That delay forfeited his right to remand. There is no basis for remand on the basis of procedurally improper (including untimely) removal when the motion to remand is itself untimely. *BEPCO, L.P. v. Santa Fe Mins., Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) ("We conclude that the statutory language [of § 1447(c)] is unambiguous, and therefore must be enforced according to its terms."). "[F]or a timeliness analysis under Section 1447(c), the central inquiry is whether the remand motion satisfies the 30–day requirement." *Id.*

The delay in filing the remand motion moots Fuchs's argument that Amazon and Turner Construction themselves waived removal by filing their notice of removal more than one year after the case was filed. Amazon and Turner removed promptly after the state court dismissed the only nondiverse defendant. They argue that the one-year bar does not apply because Fuchs had improvidently joined the nondiverse defendant. Fuchs argues that Amazon and Turner could have, and should have, removed in spite of the nondiverse defendant and challenged that defendant's joinder as improvident in the federal court. Even if that is correct, Fuchs's delay in filing his motion to remand has waived the argument that Amazon and Turner waived their right to remove.

3

*See In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991) ("[P]laintiffs have waived any non-jurisdictional grounds for remand existing at the time of removal" by moving for remand 33 days after removal.).

The motion to remand must be, and is, denied.

## II.    The Motion to Transfer

Turner Construction moves to transfer venue under 28 U.S.C. § 1404(a) to the Nashville Division of the Middle District of Tennessee, where the accident occurred. (Docket Entry No. 5). Turner Construction argues that key nonparty witnesses are in Nashville, particularly employees of Nashville Machine Company. Turner Construction asserts that Nashville Machine Company worked on the site as a contractor providing plumbers and pipe fitters to the construction project. Turner Construction asserts that Fuchs was a contractor or employee of the Nashville Machine Company. Turner Construction asserts that a company called Safety Services, LLC referred Fuchs to the Nashville Machine Company to, ironically, serve as its "safety man" on the jobsite. Both Nashville Machine Company and Safety Services are Tennessee companies. Nashville Machine is not a party to this case.

The parties do not dispute that Fuchs could have sued in the Middle District of Tennessee. Turner Construction asserts that most of the liability witnesses are employees of the Nashville Machine Company and Safety Services and are located in or around the Nashville Division of the Middle District of Tennessee. These witnesses could not be subpoenaed to testify at a trial in Houston. Turner Construction and Amazon assert that they had contracted out the construction work and "would not have been overseeing the details of the project or the welding work" that Fuchs alleges caused his blindness. (Docket Entry No. 5 at 7). Fuchs does not dispute that most of the liability witnesses are in Nashville, but he argues that most of the damages witnesses are in the Houston Division of the Southern District of Texas and could not be subpoenaed to testify in

a trial in Nashville. Both are right. The question is how those facts apply under the § 1404(a) private interest and public interest factor analysis.

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Def. Distributed v. Bruck*, 30 F.4th 414, 433–34 (5th Cir. 2022); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gilbert*, 330 U.S. at 508–509.

The most important private interest factors are those involving key nonparty witness testimony. *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 410 (S.D. Tex. 2016). Turner Construction has identified categories of nonparty witnesses who are likely to be key, primarily employees of Turner Construction's and Amazon's contractors, including Nashville Machine and Safety Services. These witnesses would have knowledge of the conditions and circumstances of the construction site and of the welding machine arc that so grievously injured Fuchs, although it is unclear which contractor employed the worker handling the welding machine at the time, and it is unclear which contractor employed the witnesses to the accident.

The problem is that "[t]o designate a potential witness as key under the inquiry, the movant must specifically identify the key witnesses and outline the substance of their testimony." *Qualls v. Prewett Enterprises, Inc.*, 594 F. Supp. 3d 813, 824 (S.D. Tex. 2022) (internal quotations omitted). "The Court is more interested in what the key witnesses *will testify,* as opposed to what

they *could* testify, or what they have knowledge of." *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 763 n.3 (S.D. Tex. 2009) (citing Wright & Miller, *Standard in Considering Transfer—Convenience and Location of Witnesses*, 15 Fed. Prac. & Proc. Juris. § 3851, at 216 (3d ed. 2007) ("The party seeking the transfer must identify, typically by affidavit, the key witnesses to be called, state their residence, and provide at least a general summary of what their testimony will cover.")). Turner Construction has identified certain categories of witnesses as key based on the type of knowledge they are likely to have. But Turner Construction has not specifically identified these witnesses or summarized what their testimony would cover. (Docket Entry Nos. 10, 11). "[M]ere allegations that certain key witnesses are not available or are inconveniently located" are not enough for transfer. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998).

      The treating doctors and Fuchs and his family members are in Houston. Fuchs's blindness makes travel challenging. In a similar case, witnesses to an accident lived in Louisiana and the party's treating physician lived in Houston. The court denied a motion to transfer to Louisiana "for the mere convenience of two Louisiana witnesses" when "[t]he primary result of this transfer would be to transfer the inconvenience to the Plaintiff's current doctor." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 826 (S.D. Tex. 1993). Fuchs has identified multiple medical providers he alleges will have important testimony regarding damages. (Docket Entry No. 10 at 4). The fact that one of Turner Construction's designated experts is in Houston is not entitled to weight. ! *Houston Trial Reps., Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 669 (S.D. Tex. 1999) ("The convenience of expert witnesses weighs little in the analysis."). This factor does not weigh in favor of transfer because there are no specifics provided as to nonparty witnesses and their testimony.

Any documents bearing on liability are likely to be in Nashville, Tennessee. The documents bearing on damages, the medical records (other than the emergency and initial care likely provided at the accident site) are in Houston, Texas. This is a neutral factor.

The practicalities of trial also appear to be a neutral factor. Fuchs's blindness makes his travel difficult, and much of the medical testimony would likely have to be presented through videotaped depositions or Zoom testimony if the trial was in Tennessee. This factor weighs in favor of keeping the case in Houston. The difficulties of obtaining testimony in Houston from nonparty witnesses located in Nashville weigh in favor of transferring the case to Tennessee.

On balance, the private interest factors are neutral, with important nonparty witnesses located in both Tennessee and Texas. Although it is likely that "most of the fact witnesses will be located" in Tennessee, (Docket Entry No. 5), Turner Construction has failed to specifically identify the key fact witnesses or the substance of the testimony they will offer, *Qualls*, 594 F. Supp. 3d at 824. Important nonparty liability witnesses are likely to be in Tennessee, while important nonparty damages witnesses are likely to be in Texas. Turner Construction has failed to meet its burden to justify transfer on this record. *See Barnes v. Romeo Papa, LLC*, No. 3:12-CV-365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013) ("When no venue can secure the attendance of all witnesses and one venue cannot secure compulsory process over substantially more witnesses than the other, the Court 'run[s] the risk of merely reallocating inconvenience to the transferee district.'").

The public interest factors are also neutral. There are no apparent administrative difficulties flowing from court congestion in either forum. Both Texas and Tennessee have local interests that would favor trial in each state; Texas has a local interest in the welfare of a state citizen, and Tennessee has a local interest in the safety of construction work sites in the state.

7

The parties have not briefed the issue of the law that would apply in either forum. Both Texas and Tennessee follow the choice of law analysis in the *Second Restatement of Conflict of Laws*, applying the law of the state with the "most significant relationship" to the matter. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202 (Tex. 2000); *Hataway v. McKinley*, 830 S.W.2d 53 (Tenn. 1992). Under the *Restatement*, the factual matters evaluated to determine the most significant relationship in "an issue in tort" are:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

*Restatement (Second) of Conflict of Laws* § 145 (1971). Under this analysis, Tennessee law would likely be applied, as the injury and the conduct causing the injury occurred in Tennessee, while the other factors are neutral. Neither forum will have trouble applying the law under that forum's choice of law rule, and neither forum will face unnecessary conflicts problems or problems in applying the law that applies.

Because both the public and private factors are neutral, the balance of factors does not favor transfer. The motion to transfer venue is denied.

SIGNED on August 23, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge